UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENN MILLER, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BLOOMINGDALE ROAD JUDGMENT RECOVERY; BLOOMINGDALE PARTNERS, LP; BLOOMINGDALE PARTNERS, LLC; BLOOMINGDALE CAPITAL MANAGEMENT, LLC; GIL KREITER a/k/a GILEAD KREITER; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, GLENN MILLER, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, BLOOMINGDALE ROAD JUDGMENT RECOVERY ("BRJR"); RECOVERY; BLOOMINGDALE PARTNERS, LP ("BPLP"); BLOOMINGDALE PARTNERS, LLC ("BPLLC"); BLOOMINGDALE CAPITAL MANAGEMENT, LLC ("BCM"); GIL KREITER a/k/a GILEAD KREITER ("KREITER"); and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Bronx, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. BRJR maintains a location at 301 East 66th Street, #2B, New York, NY 10065.

8. BPLP is a limited partnership entity organized under Delaware law. It may be served at 301 East 66th Street, #2B, New York, NY 10065.

9. BPLLC is a limited liability company chartered under New York law. Its register agent id Gil Kreiter.

10. BCM maintains a location at 301 East 66th Street, #2B, New York, NY 10065.

11. KREITER may be found at 301 East 66th Street, #2B, New York, NY 10065.

12. Upon information and belief, Defendants use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect and purchasing of debts.

13. Defendants are "Debt Collectors" as that term is defined by 15 U.S.C. § 1692(a)(6).

14. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

16. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York City consumers who were sent letters and/or notices from BLOOMINGDALE ROAD JUDGMENT RECOVERY concerning a debt, and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Prior to May 31, 2018, Plaintiff incurred a financial obligation to Crest Financial Services, LLC ("CREST").

16. The CREST obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The CREST obligation did not arise out of a business transaction.

18. The CREST obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Defendants are a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before May 31, 2018, the CREST obligation was purchased by BRJR.

21. At the time the CREST obligation was purchased by BRJR, the obligation was past due.

22. At the time the CREST obligation was purchased by BRJR, the obligation was in default.

23. BRJR caused to be delivered to Plaintiff a letter dated May 31, 2018, which was addressed to Plaintiff.  **Exhibit A.**

24. The May 31, 2018 letter was sent to Plaintiff in connection with the collection of the CREST obligation.

25. The May 31, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Upon receipt, Plaintiff read the May 31, 2018 letter.

27. The May 31, 2018 letter provides the following information at the top of the letter:

Bloomingdale Road Judgment Recovery (BRJR)

301 East 66th Street, #2B, New York, NY 10065

(718) 360-1354 voice; (718) 788-0859 facsimile

Gil@BloomingdalePartners.com

28. The May 31, 2018 letter further provided:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume the debt to be valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the the current creditor.
>
> If an attorney represents you with regard to this debt, please refer this letter to your attorney….

29. The May 31, 2018 letter further provided:

If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay debt:

    1. Supplemental security income, (SSI)
    2. Social security
    3. Public assistance (welfare)
    4. Spousal support, maintenance (alimony) or child support
    5. Unemployment benefits
    6. Disability benefits
    7. Workers compensation benefits
    8. Public or private pensions
    9. Veterans benefits
    10. Federal student loans, federal student grants, and federal work study funds
    11. Ninety percent of your wages or salary earned in the last sixty days.

30. The May 31, 2018 letter was signed at the bottom by Gil Kreiter.

                                                Sincerely.
                                               *Gil Kreiter*
                                               Gil Kreiter

31. At the time the May 31, 2018 letter was sent to Plaintiff no court had entered a judgment against Plaintiff concerning the CREST obligation.

32. At the time the May 31, 2018 letter was sent to Plaintiff no lawsuit had been commenced against Plaintiff concerning the CREST obligation.

33. Bloomingdale Road Judgment Recovery is not an entity charted in or authorized to do business in New York.  On information and belief, based on a computer search, it is not an entity chartered in or authorized to do business in any United States jurisdiction.

34. The May 31, 2018 letter is misleading as to whom the current owner of the debt is.  The letter states: "BRJR has purchased the charged off debt…. Owed to the original creditor. CREST FINANCIAL SERVICES, LLC…"  BRJR was not a legal entity or a registered trade name on May 31, 2018, and could not legally hold title to property.

35. The May 31, 2018 letter fails to state person or entity that is the current owner of the debt.

36. Based on the foregoing, Plaintiff alleges that BLOOMINGDALE PARTNERS, LP;  BLOOMINGDALE PARTNERS, LLC; BLOOMINGDALE CAPITAL MANAGEMENT, LLC; GIL KREITER a/k/a GILEAD KREITER, are responsible for the collection activities conducted under the name "BLOOMINGDALE ROAD JUDGMENT RECOVERY" and that such name is a false name intended to convince the recipient of collection activities that an entity called "BLOOMINGDALE ROAD JUDGMENT RECOVERY" is involved in the collection of their debt, when no such entity exist.

37. By sending the May 31, 2018 letter to Plaintiff, using the name "BLOOMINGDALE ROAD JUDGMENT RECOVERY", Defendants intended to falsely imply that a judgment has already been secured against Plaintiff.

38. The May 31, 2018 gives the false impression that a judgment has been secured against the reader.

39. The statement "If an attorney represents you with regard to this debt, please refer this letter to your attorney" in conjunction with the name "BLOOMINGDALE ROAD JUDGMENT RECOVERY" is designed to mislead the least sophisticated consumer into believing that legal action has already been commenced.

40. The statement "If an attorney represents you with regard to this debt, please refer this letter to your attorney" in conjunction with the name "BLOOMINGDALE ROAD JUDGMENT RECOVERY" is designed to mislead the least sophisticated consumer into believing that legal action has already been commenced and that a judgment has been secured against reader.

## POLICIES AND PRACTICES COMPLAINED OF

41. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Making a false representation s as to the legal status of the debt;

   (c) Failing to state the named of the creditor to whom the debt is owed.

   (d) Designing and furnishing a deceptive form letter in connection with the collection of a debt.

42. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the City of New York, State of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

43. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45. 15 U.S.C. §1692g(a)(2) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (1) the name of the creditor to whom the debt is owed.

46. Defendants violated 15 U.S.C. §1692g(a)(2) by sending a letter dated May 31, 2018, to Plaintiff, which failed to state the name of the creditor to whom the debt is owed. BRJR is a non-entity and is not the creditor to whom the debt is owed.

47. 15 U.S.C. §1692e provides: 'A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. Defendants violated 15 U.S.C. §1692e by falsely stating in the May 31, 2018 letter that BRJR is the current owner of the debt.

49. Defendants further violated 15 U.S.C. §1692e by representing that the sender is entitled to collect the debt.  Unlicensed entities are not entitled to engage in collection activities, and a lack of a licensed is a defense to any attempt to collect a debt. *In re Pinpoint technologies,*

*LLC*, 45 Misc.3d 1223(A), 5 N.Y.S.3 329 (Table), 2014 WL 6780640, 2014 n.y. Slip Op. 51695(U) (Civil Court Richmond County) Nov. 18, 2014).

50. Defendants violated 15 U.S.C. §1692e(2)(A) by by sending a letter dated May 31, 2018, to Plaintiff, which falsely represents the legal status of the debt by implying that the debt has been reduced to a judgment against Plaintiff.

51. By falsely representing the legal status of the debt, Defendants violated 15 U.S.C. §1692g(a)(2).

52. 15 U.S.C. §1692e(14) prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company or organization.

53. 15 U.S.C. §1692e(14) prohibits by using the name "BLOOMINGDALE ROAD JUDGMENT RECOVERY", which is a non-entity.

54. 15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55. Defendants violated 15 U.S.C. §1692e(10) by making false representations and using deceptive means to attempt to collect a debt from Plaintiff.

56. Defendants further violated 15 U.S.C. §1692e(10) by making false representation that the debt has been reduced to a judgment.

57. Defendants further violated 15 U.S.C. §1692e(10) by using the name "BLOOMINGDALE ROAD JUDGMENT RECOVERY", in the May 31, 2018 letter, which makes the false representation that the debt has been reduced to a judgment.

58. Defendants further violated 15 U.S.C. §1692e(10) by using the name "BLOOMINGDALE ROAD JUDGMENT RECOVERY", in the May 31, 2018 letter, which

makes the false representation that it is attempt to collect a judgment, when in fact no judgment has been entered concerning the debt.

59. 15 U.S.C. §1692j(a) provides:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor if such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating

60. Defendants violated 15 U.S.C. §1692j(a) by design and sending the May 31, 2018 letter to Plaintiff to imply that an entity named "BLOOMINGDALE ROAD JUDGMENT RECOVERY" is participating in the collection of the debt.

61. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

64. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding pre-judgment interest;

    (e)    Awarding post-judgment interest.

    (f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 10, 2019

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.
>JONES, WOLF & KAPASI, LLC
>One Grand Central Place
>60 East 42nd Street, 46th Floor
>New York, NY 10017
>(646) 459-7971 telephone
>(646) 459-7973 facsimile
>jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.

# Exhibit A

Bloomingdale Road Judgment Recovery (BRJR)
301 East 66th Street, #2B, New York, NY 10065
(718) 360 -1354 voice;  (718) 788- 0859 facsimile
Gil@BloomingdalePartners.com



May 31, 2018

GLENN MILLER

Dear GLENN MILLER,

BRJR has purchased the charged off debt of $1,623.00 (no interest has accrued, there are no other charges or fees, no payments have been made since the debt has been charged off) owed to the original creditor, CREST FINANCIAL SERVICES LLC with address 61 West 13490 South, Salt Lake City, UT 84020, for the purchase of 1 tv 43 samsung 1 speaker GLi amplified, from Home Luxury Furniture in Bronx, NY.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. If you are in an active bankruptcy case, or if this debt has been discharged in bankruptcy, please refer this letter to your bankruptcy attorney so that we may be notified.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including, but not limited to:
1. The use or threat of violence
2. The use of obscene or profane language; and
3. Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt:
1. Supplemental security income (SSI)
2. Social security
3. Public assistance (welfare)
4. Spousal support, maintenance (alimony) or child support
5. Unemployment benefits
6. Disability benefits
7. Workers' compensation benefits
8. Public or private pensions
9. Veterans' benefits
10. Federal student loans, federal student grants, and federal work study funds;
11. Ninety percent of your wages or salary earned in the last sixty days

Sincerely,

*Gil Kreiter*

Gil Kreiter

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.